IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| VICENTE GUZMAN, #1541295 | § | |
| VS. | § | CIVIL ACTION NO.9:10cv111 |
| JANIE COCKRELL, ET AL. | § | |

MEMORANDUM OPINION AND ORDER ON
APPELLANT'S MOTION TO PROCEED *IN FORMA PAUPERIS* ON APPEAL

Came on for consideration, Appellant Vicente Guzman's motion for leave to proceed *in forma pauperis* on appeal (docket entry #33) from the partial dismissal of five defendants from his civil rights lawsuit. Title 28 U.S.C. § 1915(a)(3) states that leave to proceed on appeal *in forma pauperis* shall be denied if the district court determines that the appeal is not taken in "good faith" (*i.e.*, if the appeal fails to present a nonfrivolous issue). *Coppedge v. U.S.*, 369 U.S. 438, 445, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962). An action is frivolous where there is no arguable legal or factual basis for the claim. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989). Similarly, under Fed. R. App. P. 24(a)(3)(A), the Appellant is ineligible for *in forma pauperis* status if the Court certifies that the appeal is not taken in "good faith." If the district court finds no "legal points arguable on the merits," then an appeal is not taken in "good faith." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983), *reh'g denied*, 719 F.2d 787 5th Cir. 1983); *see also Wai Leung Chu v. United States*, 353 Fed. Appx. 952, 953 (5th Cir. 2009) (per curiam); *Groden v. Kizzia*, 354 Fed. Appx. 36, 36 (5th Cir. 2009) (per curiam); *Walton v. Valdez*, 340 Fed. Appx. 954, 955 (5th Cir. 2009) (per curiam).

For reasons stated in the Memorandum Opinion and Order of Partial Dismissal (docket entry #22), the Court certifies that the Appellant's appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3)(A); *Baugh v. Taylor*, 117 F.3d 197, 202 n.21 (5th Cir. 1997) (To comply with Rule 24 and to inform the Court of Appeals of the reasons for its certification, a

1

district court may incorporate by reference its order dismissing an appellant's claims).

In addition to this certification, the Court notes that the Appellant's appeal of the partial dismissal is procedurally improper. The final judgment rule states that "a party is entitled to a single appeal, to be deferred until final judgment has been entered." *Digital Equipment Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 868, 114 S. Ct. 1992, 128 L. Ed. 2d 842 (1994); *see also Henry v. Lake Charles American Press, LLC*, 566 F.3d 164, 171 (5th Cir.2009) (noting that "as a general rule, parties must litigate all issues in the trial court before appealing any one issue"). Therefore, "[a]ppeal is thereby precluded from any decision which is tentative, informal or incomplete, as well as from any fully consummated decisions, where they are but steps towards final judgment in which they will merge." *Henry*, 566 F.3d at 171 (quoting *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 142, 113 S. Ct. 684, 121 L. Ed. 2d 605 (1993)). Here, there has been no final judgment entered, only a partial dismissal involving some, but not all, of the defendants.

Nonetheless, 28 U.S.C. § 1292(b) provides for interlocutory appeals of trial court decisions when such decisions (1) involve a controlling question of law (2) as to which there is substantial ground for difference of opinion and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b). The Fifth Circuit has previously reasoned that § 1292(b) appeals are appropriate under only "exceptional" circumstances. *Clark-Dietz and Associates-Engineers v. Basica Constr. Co.*, 702 F.2d 67, 69 (5th Cir.1983). However, in other cases, the Fifth Circuit has employed a more flexible approach to Section 1292(b) appeals. *See Hadjipateras v. Pacifica, S.A.*, 290 F.2d 697, 702-03 (5th Cir.1961) (finding that §1292 gave the appellate machinery "a considerable amount of flexibility" so that "disadvantages of piecemeal and final judgment appeals might both be avoided"). Regardless of which approach is adopted, the decision to permit interlocutory appeal is firmly within the district court's discretion. *Cheney v. U.S. Dist. Court for Dist. of Columbia*, 542 U.S. 367, 405 n.9, 124 S. Ct. 2576, 159 L. Ed. 2d 459 (2004) (Ginsburg, J., dissenting); *In re Gomez*, 404 Fed. App. 850, 853 (5th Cir. 2010) (district court must certify in writing that the order involves a controlling question of law as to which

there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation in order for a Court of Appeals to exercise its own discretion to hear an interlocutory appeal) (internal quotations and citations omitted).

Here, Appellant has not moved in the District Court for leave to file an interlocutory appeal to the Fifth Circuit, nor has Appellant sought in this Court to fulfill the conditions necessary to move in the Fifth Circuit for leave to appeal pursuant to Fed. R. App. P. 5(a)(3). Furthermore, the partial dismissal of only five defendants is only one piece in the ultimate outcome of this entire litigation. There is no advantage to permitting a piecemeal appeal of the dismissal at this time. Therefore, an interlocutory appeal would be inappropriate. For this additional reason, Appellant's notice of appeal is not taken in good faith.

It is accordingly

**ORDERED** that the motion for leave to proceed *in forma pauperis* on appeal (docket entry #33) is **DENIED**.

Although this Court has certified that the appeal is not taken in good faith under 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a)(3)(A), the Appellant may challenge this finding pursuant to *Baugh v. Taylor*, by filing a separate motion to proceed IFP on appeal with the Clerk of Court, U.S. Court of Appeals for the Fifth Circuit, within 30 days of this order. *Baugh*, 117 F.3d at 202. The cost to file a motion to proceed on appeal with the Fifth Circuit is calculated below, and if the Appellant moves to proceed on appeal IFP, the prison authorities will be directed to collect the fees as calculated in this order.

Vicente Guzman, #1541295, did not file a recent prisoner trust account data sheet with his motion to proceed *in forma pauperis* on appeal. Using the data sheet he provided with his motion to proceed *in forma pauperis* in the District Court, he is assessed an initial partial fee of $2.68. The agency having custody of the prisoner shall collect this amount from the trust fund account or institutional equivalent, when funds are available, and forward it to the clerk of the district court.

Thereafter, the Appellant shall pay $452.32, the balance of the filing fees, in periodic installments. The Appellant is required to make payments of 20% of the preceding month's income credited to the appellant's prison account until appellant has paid the total filing fee of $455.00. The agency having custody of the prisoner shall collect this amount from the trust fund account or institutional equivalent, when funds are available and when permitted by 28 U.S.C. § 1915(b)(2), and forward it to the clerk of the district court.

If the Appellant moves to proceed on appeal IFP, the clerk shall mail a copy of this order to the inmate accounting office or other person(s) or entity with responsibility for collecting and remitting to the district court interim filing payments on behalf of prisoners, as designated by the facility in which the prisoner is currently or subsequently confined.

So **ORDERED** and **SIGNED** this **20** day of **June, 2011.**

_____
JUDITH K. GUTHRIE
UNITED STATES MAGISTRATE JUDGE