IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| VICENTE GUZMAN, #1541295 | § | |
| VS. | § | CIVIL ACTION NO.9:10cv111 |
| JANIE COCKRELL, ET AL. | § | |

MEMORANDUM OPINION AND ORDER

Plaintiff Vicente Guzman ("Guzman" or "Plaintiff"), an inmate confined in the Huntsville Unit of the Texas prison system, proceeding *pro se* and *in forma pauperis*, filed the above-styled and numbered civil rights lawsuit under 42 U.S.C. § 1983. Though he is presently confined in the Huntsville Unit, the events of this lawsuit took place at the Duncan Unit. The complaint was transferred to the undersigned with the consent of the parties pursuant to 28 U.S.C. § 636(c).

On April 15, 2011, the Court issued a Memorandum Opinion and Order of Partial Dismissal (docket entry #22). On May 19, 2011, Plaintiff filed an omnibus motion aimed at the Court's Memorandum Opinion and Order, incorporating several motions (docket entry #27). Also included in this omnibus filing, Plaintiff filed a Notice of Appeal as to the Memorandum Opinion and Order.[1] On June 8, 2011, Plaintiff also filed a motion for the record to be provided to him (docket entry #34). On July 12, 2011, the United States Court of Appeals for the Fifth Circuit dismissed the appeal pursuant to Plaintiff-Appellant's motion. *See* docket entry #43 (entered on July 18, 2011).

---

[1] Plaintiff did not first seek leave to file an interlocutory appeal. *See* 28 U.S.C. § 1292(b).

1

Jurisdiction restored to this Court over the matter appealed, the Court will now address Plaintiff's various motions. The difficulty in this task is that Plaintiff has not differentiated his briefing points as among the various motions he seeks. Instead, his omnibus motion is eight pages of run-on legal citations and declarative sentences, with little substantial fact or argument. For example, on page 2, he refers to page 5 of 9 of the Memorandum Opinion and Order and states that "Policies imposes ministerial rather than discretionary duties," followed by a series of Texas state court citations but no discussion of how they apply this his case or any substantive argument. This practice is followed throughout the document.

**I.   MOTION TO CORRECT CLERICAL ERRORS**

Plaintiff first seeks to "correct clerical errors" in the "record," referring to the Memorandum Opinion and Order. *See* Motion at 1-2. Plaintiff does not cite authority for this request, but Fed. R. Civ. P. 60(a) provides for corrections based on clerical mistakes. Rule 60(a) states, "[t]he court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." *Id*. It is within the Court's discretion to effect a Rule 60(a) correction. *Rivera v. PNS Stores, Inc.*, 647 F.3d 188, 193 (5th Cir. 2011); *Thanedar v. Time Warner, Inc.*, 352 Fed. Appx. 891, 902 (5th Cir. 2009) (per curiam), *cert. denied*, 130 S. Ct. 2383, 176 L. Ed. 2d 768 (2010). Here, virtually all of the changes Plaintiff seeks simply cast the Court's findings in language he finds preferable, that is for example, to substitute "dorm" for "cell" and the like. However, the Memorandum Opinion and Order is based on Plaintiff's original complaint and his testimony at the evidentiary hearing conducted pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985). Plaintiff offers no basis for the changes he desires and the Court will deny this portion of his motion accordingly.

## II. MOTION TO AMEND COMPLAINT

Plaintiff next seeks to amend his complaint. He has not stated explicitly what he wants to amend and did not provide a proposed amended complaint with his motion. On August 24, 2010, the Court issued an Initial Partial Filing Fee Order directing, in part, that "No amendments or supplements to the complaint shall be filed without prior approval. A complete amended complaint shall be attached to any motion to amend." *See* docket entry #3 at 2, ¶7. On this basis alone, Plaintiff's motion to amend would be denied.

The Court notes that Plaintiff did file a purported amended complaint on August 8, 2011. *See* docket entry #45. As Plaintiff himself observes in his motion, Motion at 3, a plaintiff may amend his complaint once as a matter of course within 21 days after serving or within 21 days after service of a responsive pleading or a motion under Rule 12(b), (e), or (f), whichever is earlier. *See* Fed. R. Civ. P. 15(a)(1)(A) and (B). Otherwise, the plaintiff must obtain either the consent of the opposing party or the Court's leave. *See id.*, 15(a)(2). Aside from the fact that the Court's August 24, 2010, Order remains in effect, the Defendants in this case filed their answer on May 23, 2011 (docket entry #32), considerably more than 21 days before Plaintiff's purported amended complaint. No motion pursuant to Rule 12(b) has been filed. There is no evidence that Plaintiff obtained Defendants' written consent to file his purported amended complaint and he has not sought leave of this Court to do so, either under the Court's Order or under Rule 15(a)(2). Furthermore, the purported amended complaint is not filed on the approved form for prisoner complaints filed pursuant to 42 U.S.C. § 1983. For all these reasons, Plaintiff's purported amended complaint filed at docket entry #45 will be ordered stricken.

## III. MOTION FOR RECONSIDERATION

Next, Plaintiff contends he seeks reconsideration of the Court's Memorandum Opinion and Order. A motion for reconsideration may be made under either Federal Rule of Civil Procedure 59(e) or 60(b). *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 n.1 (5th Cir. 2004). Such a motion "'calls into question the correctness of a judgment.'" *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (quoting *In Re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)). A Rule 59(e) motion is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Id*. at 479 (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). Instead, "Rule 59(e) 'serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence.'" *Id*. (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)). "Relief under Rule 59(e) is also appropriate when there has been an intervening change in the controlling law." *Schiller v. Physicians Resource Grp.*, 342 F.3d 563, 567 (5th Cir. 2003). Altering, amending, or reconsidering a judgment is an extraordinary remedy that courts should use sparingly. *Templet*, 367 F.3d at 479 (citing *Clancy v. Employers Health Ins. Co.*, 101 F. Supp. 2d 463, 465 (E.D.La. 2000)). If a motion for reconsideration is filed within ten days of the judgment or order of which the party complains, it is considered to be a Rule 59(e) motion; otherwise, it is treated as a Rule 60(b) motion. *See Shepherd*, 372 F.3d at 328 n.1. However, a Rule 59(e) motion must in any case be filed within 28 days of the entry of the judgment. *See* Fed. R. Civ. P. 59(e). Plaintiff has met neither timeliness standard here and the Court will not consider his motion for reconsideration as a Rule 59(e) motion to alter or amend a judgment.

Turning to Federal Rule of Civil Procedure 60(b), that Rule reads:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(1)-(6); *Cazier v. Thaler*, 2010 WL 2756765, at *1 n.1 (W.D. Tex. July 12, 2010); *see also Reed v. Gallegos*, 2009 WL 5216871, at *1 (S.D. Tex. Dec. 29, 2009). A Rule 60(b) motion "must be made within a reasonable time - and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order. . . ." Fed. R. Civ. P. 60(c)(1). A decision with respect to a motion to reconsider pursuant to Rule 60(b) is left to the "sound discretion of the district court and will only be reversed if there is an abuse of that discretion." *Steverson v. GlobalSantaFe Corp.*, 508 F.3d 300, 303 (5th Cir. 2007) (quoting *Stipelcovich v. Sand Dollar Marine, Inc.*, 805 F.2d 599, 604 (5th Cir. 1986)).

Viewed as a Rule 60(b) motion, Plaintiff's motion for reconsideration is timely. However, he has not identified on what grounds he seeks reconsideration; most of the grounds enumerated above do not appear to apply at all. To that apparent end, though, he has submitted a lengthy series of citations to authority stating various tenets of law. Nonetheless, he has not shown how they apply to this case. For example, he refers to page 6 of the Memorandum Opinion and Order, discussing the supervisory role of Warden Cockrell, Major McMullin and the Unknown Lieutenant. *See* Motion at 3. He then alleges a violation of the Fourteenth Amendment, stating without support, "because officials were both aware of facts from which inference could be drawn that substantial risk of serious harm exists." *Id*. Plaintiff's original complaint does not support this statement and he has

5

stated no other facts in this case, including during the *Spears* hearing, to lead to such an inference.

Elsewhere, he provides a very lengthy explanation of the Eighth Amendment right against prison officials acting with deliberate indifference toward inmate safety, citing the Supreme Court and multiple circuit and district courts. *See* Motion at 3-5. However, his sole argument for reconsideration is that "Inmate alleged facts which could conceivably show that warden acted deliberate indifference towards future health problems that inmates could develop[] as result of unsafe sleeping conditions in their housing cells." *Id*. at 4. Again, the original complaint simply alleges that Warden Cockrell was "advised of" the sleeping arrangements and "failed to prohibit offenders from being housed on top bunks." There is nothing in this allegation to support an inference of deliberate indifference. It is again nothing more than an assertion of supervisory liability, which is not cognizable under 42 U.S.C. § 1983. A supervisor may be held liable if either of the following exists: (1) his personal involvement in the constitutional deprivation, or (2) sufficient causal connection between the supervisor's wrongful conduct and the constitutional violations. *Thompkins v. Belt*, 828 F.2d 298, 303-304 (5th Cir. 1987). Plaintiff has not alleged facts showing either of these factors.

The remainder of Plaintiff's motion for reconsideration is similar. The facts of his complaint do not support the inferences he is attempting to assert. Therefore, his motion for reconsideration will be denied.

**IV. MOTION TO STAY**

Finally, Plaintiff's omnibus filing appears to include a motion to stay proceedings, though the reasons for such a stay are unclear. No stay having been imposed, Plaintiff does not complain of any detrimental effect on his case. In any event, he has also filed a "Motion to Lift Stay of

Proceedings and Motion to Respond to Any Motion for Summary Judgment" (docket entry #46). In that motion, he also repeats his request for correction of clerical errors, to "amend pleadings" and for reconsideration, as well as a blanket request to be given 30 days in which to respond to any motion for summary judgment or "instrument to dismiss." Both the motion for a stay and the motion lift any stay will be denied as moot. The Court's instant Memorandum Opinion and Order will also apply to Plaintiff's conclusory restatement of his requests above. As to his motion for 30 days in which to respond to any "instrument to dismiss," the Court will not grant a blanket motion of that nature. If such a motion is filed and Plaintiff believes he requires additional time to respond, he may so move at that time.

In addition, inasmuch as the Fifth Circuit has dismissed Plaintiff's interlocutory appeal, his Motion for the Record (docket entry #34) will also be denied as moot.

It is therefore

**ORDERED** that Plaintiff's Motion to Correct Clerical Errors, Motion to Amend Complaint, Motion for Reconsideration and Motion for Stay and to Lift Stay (docket entries #27 and 46) are **DENIED**. It is further

**ORDERED** that Plaintiff's Motion for the Record (docket entry #34) is **DENIED** as **MOOT**. It is further

**ORDERED** that Plaintiff's Motion to Respond (docket entry #46) is **DENIED** subject to Plaintiff's renewal of his motion if a dispositive motion is filed by Defendants. It is further

**ORDERED** that Plaintiff's putative amended complaint at docket entry #45 is **STRICKEN**. Plaintiff may submit a proposed amended complaint on the approved 42 U.S.C. § 1983 form and

seek either written consent of the opposing parties or move for leave of this Court for entry of its approval.

So **ORDERED** and **SIGNED** this **15** day of **September, 2011.**

_____
JUDITH K. GUTHRIE
UNITED STATES MAGISTRATE JUDGE