IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| VICENTE GUZMAN, #1541295 | § | |
| VS. | § | CIVIL ACTION NO.9:10cv111 |
| JANIE COCKRELL, ET AL. | § | |

MEMORANDUM OPINION AND ORDER
DENYING DEFAULT JUDGMENT

Plaintiff Vicente Guzman ("Guzman" or "Plaintiff"), an inmate confined in the Huntsville Unit of the Texas prison system, proceeding *pro se* and *in forma pauperis*, filed the above-styled and numbered civil rights lawsuit under 42 U.S.C. § 1983. Though he is presently confined in the Huntsville Unit, the events of this lawsuit took place at the Duncan Unit. The complaint was transferred to the undersigned with the consent of the parties pursuant to 28 U.S.C. § 636(c).

Before the Court is Plaintiff's Motion for Default Judgment (docket entry #39). Defendants have filed a Response (docket entry #40).

The Defendants were served with Plaintiff's complaint and summonses on Friday, April 22, 2011 (docket entries #29, 30, 31). They filed their answer on Monday, May 23, 2011 (docket entry #32). In his motion, Plaintiff contends that Defendants must have filed their answer within 21 days of being served. Because they did not file their answer within the 21 days he asserts, he seeks "a default judgment for the relief requested in the complaint," pursuant to Fed. R. Civ. P. 55(a). Motion at 1. Plaintiff's motion fails on two grounds.

First, Fed. R. Civ. P. 12(a) specifies that "[u]nless another time is specified by this rule. . .

1

[a] defendant must serve an answer [] within 21 days after being served the summons and complaint[.]" In this case, the timing of the Defendants' responsive pleading was governed not by the explicit time of Rule 12(a), but by the Court's Show Cause Order issued April 15, 2011 (docket entry #23). *See id*. at 1 ("the Defendants shall have thirty (30) days from the date of service of process to answer or other wise plead.") (footnote omitted). Aside from the fact that Rule 12(a) permits a modification of the time for filing an answer, "a federal district court has both specific and inherent power to control its docket." *See Miller v. Thaler*, 2011 WL 3209879, at *1 (5th Cir. July 28, 2011) (quoting *In re United Markets Int'l, Inc.*, 24 F.3d 650, 654 (5th Cir. 1994)). That control includes modifications of filing and briefing schedules, either on motion or *sua sponte*.

In this case, Defendants' answer was actually filed on the 31st day after they were served. However, the 30th day fell on Sunday, May 22, 2011. Under Fed. R. Civ. P. 6(a)(1)(C), when a period of time for a response is stated in days, "include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Therefore, Defendants' answer was timely filed on Monday, May 23, 2011.

In addition, Plaintiff cites Fed. R. Civ. P. 55 for the authority to enter a default judgment. In fact, Rule 55(b) governs entry of a default judgment. However, "[b]efore a default judgment may be entered by the court, the moving party must obtain entry of default pursuant to Fed.R.Civ.P. 55(a)." *Beachhead, L.P. v. Solar Night Indus., Inc.*, 2008 WL 4692856, at *1 (N.D. Tex. Oct. 23, 2008) (citations omitted). "[A]fter the entry of default, the plaintiff must request that a default judgment be entered." *Simmons v. Twin City Towing*, 425 Fed. Appx. 401, 2011 WL 1853282, at *2 (5th Cir. May 17, 2011) (per curiam) (citing Fed. R. Civ. P. 55(b)). The entry of default first

places a party on notice of the default; on good cause shown, the court may set the entry of default aside before default judgment is separately entered or, under Rule 60(b), may set aside the default judgment itself after entry. *See* Fed. R. Civ. P. 55(c); *Jefferson v. Louisina Dept. of Public Safety and Corrections*, 401 Fed. Appx. 927, 929 (5th Cir. 2010) (per curiam). Here, Plaintiff never filed for an entry of default pursuant to Rule 55(a). Instead, he directly sought entry of default judgment, pursuant to "Fed. R. Civ. Proc. 55(a)(b)(1)," a confused citation.

On either basis, Plaintiff's motion for default judgment is without merit. It is accordingly

**ORDERED** that Plaintiff's Motion for Default Judgment (docket entry #39) is hereby **DENIED**.

So **ORDERED** and **SIGNED** this **15** day of **September, 2011.**

_____
JUDITH K. GUTHRIE
UNITED STATES MAGISTRATE JUDGE