IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| VICENTE GUZMAN, #1541295 | § | |
| VS. | § | CIVIL ACTION NO.9:10cv111 |
| JANIE COCKRELL, ET AL. | § | |

MEMORANDUM OPINION AND ORDER

Plaintiff Vicente Guzman ("Guzman" or "Plaintiff"), an inmate confined in the Huntsville Unit of the Texas prison system, proceeding *pro se* and *in forma pauperis*, filed the above-styled and numbered civil rights lawsuit under 42 U.S.C. § 1983. Though he is presently confined in the Huntsville Unit, the events of this lawsuit took place at the Duncan Unit. The complaint was transferred to the undersigned with the consent of the parties pursuant to 28 U.S.C. § 636(c).

On April 15, 2011, the Court issued a Memorandum Opinion and Order of Partial Dismissal (docket entry #22). In it, the Court dismissed original Defendants Cockrell, McMullin, Self, White and "FNU Lieutenant" for various reasons, including that Plaintiff's assertion of "negligence" was inapplicable in a § 1983 lawsuit; the theory of *respondeat superior* was also inapplicable in the § 1983 context; and that Plaintiff's claims of deliberate indifference sounded only against Defendants Primrose, Tobias and Smith, who are the currently-remaining Defendants in this action. On May 19, 2011, Plaintiff filed an omnibus motion aimed at the Court's Memorandum Opinion and Order, incorporating several motions (docket entry #27). One of the included motions was to amend Plaintiff's complaint. In fact, Plaintiff did file a putative amended complaint on August 8, 2011

(docket entry #45). On September 15, 2011, the Court denied leave to file an amended complaint, noting that after the time in which a plaintiff may amend his complaint as a matter of course, he must obtain either the consent of the opposing party or the Court's leave, citing Fed. R. Civ. P. 15(a)(2). Plaintiff had not obtained the opposing party's leave to file an amended complaint. Further, the putative amended complaint was not on the required form for prisoner complaints filed pursuant to 42 U.S.C. § 1983. *See* Memorandum Opinion and Order (docket entry #45) at 3. The putative amended complaint was ordered stricken. *Id*.

Plaintiff has now filed a new proposed amended complaint, naming again certain individuals the Court has already dismissed as Defendants in its April 15, 2011, Order, and adding several new ostensible Defendants. *See* docket entry #54. Although he has expanded his allegations into five putative counts, the first three still involve the original Defendants, including those the Court has dismissed, and sound either in negligence or simply in his extant claim of deliberate indifference. His Count I, under the rubric of "Conditions of Confinement," names Defendants Cockrell, McMullen and Self. His Count II, entitled "Failure to Provide Medical Assistance," names Defendants Primrose, "Lieutenant John Doe" (repackaging the "FNU Lieutenant" named in and dismissed from the original complaint). His Count III, "Failure to Provide Medical and Officer Training," names Defendants Tobias and Smith. His Count IV, "Intentional Interfering with Treatment," names a new Defendant, LVN Armstrong, but again is merely a claim for deliberate indifference. Finally, his Count V, "Retaliatory Treatment," adds Warden Motal and the "Unit Classification/Special Management Committee," and contends that he was held at the Michael Unit in administrative segregation during the time of his *Spears* hearing with this Court in March 2011, in retaliation for his grievances. The latter two claims involve new individuals or claims; the first

three make essentially the same allegations against the same individuals as included in the original complaint.

Plaintiff concurrently filed a Motion for Leave to File a Supplemental Complaint, docket entry #53, which the Court construes as a motion for leave to file an amended complaint pursuant to Fed. R. Civ. P. 15(a)(2). Plaintiff still has not obtained the opposing party's leave to file an amended complaint and in fact, Defendants have filed a Response in Opposition (docket entry #55). He has, however, conformed to the form-filing requirements set in the Court's September 15, 2011, Order.

As noted above, a party may amend its pleadings once as a matter of course, if within 21 days after serving or within 21 days after service of a responsive pleading or a motion under Rule 12(b), (e), or (f), whichever is earlier. Fed. R. Civ. P. 15(a)(1). Thereafter, pleadings may be amended "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The Court should consider factors such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Overseas Inns S.A. PA. v. United States*, 911 F.2d 1146, 1150-51 (5th Cir.1990); *Rosensweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003) (citing *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962)). In the absence of any of these reasons, leave should be "freely given." *Foman*, 371 U.S. at 182; Fed.R.Civ.P. 15(a)(2). Rule 15(a) "evinces a bias in favor of granting leave to amend." *Martin's Herend Imports, Inc. v. Diamond & Gem Trading United States of America Co.*, 195 F.3d 765, 770 (5th Cir. 1999) (quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597 (5th Cir. 1981)). "Leave to amend, however, is by no means automatic," *Little v.*

3

*Liquid Air Corp.*, 952 F.2d 841, 845-46 (5th Cir.1992), *rev'd on other grounds*, 37 F.3d 1069 (5th Cir. 1994), and the Court's discretion may rest on the factors enumerated above.

Here, Plaintiff has given no reasons in his motion for leave to amend why he should be allowed to do so, other than to cite *Forman*, *supra*, and *Interroyal Corp. v. Sponseller*, 889 F.2d 108, 112 (6th Cir. 1989), *cert. denied*, 494 U.S. 1091, 110 S. Ct. 1839, 108 L. Ed. 2d 967 (1990). These authorities are well-represented by the recitation above.

Defendants oppose on the basis of the factors stated above, notably because they assert undue delay, undue prejudice on them and because the proposed amendments are futile. *See* Opposition at 3-4. The Court is of the opinion that the Defendants are correct.

First, Plaintiff has waited for over a year to add the individuals and claims he purports to present in his amended complaint. Even the new retaliation claim allegedly occurred in the March 2011 timeframe. As noted above, Plaintiff did previously file a motion for leave to amend and also filed a putative amended complaint. However, he did not present any cogent reasons for the amendments that he posed at that time. In fact, they did little other than to return to Plaintiff's complaint those individuals the Court had previously dismissed. The verbiage he added to the existing allegations still consisted of a claim for negligence, which the Court previously observed has no basis in a § 1983 lawsuit; and failure to provide medical assistance. That putative amendment was ordered stricken, as explained above. Plaintiff could have named the individuals and allegations of his current proposed amended complaint at that time and offered an explanation as to why the amendment should be allowed. He did not, and still has not done so. That is undue delay. *Rosensweig*, 332 F.3d at 864; *Little*, 952 F.2d at 846. Furthermore, his attempt to again add the individuals previously dismissed from this action back into his lawsuit on little more than an

4

expanded restatement of his original allegations is not a good faith effort to amend. *Id*.

Second, the Court issued a Scheduling Order setting November 15, 2011, as the deadline for the parties to file any summary judgment motions. That is nearly 15 months after Plaintiff originally filed this lawsuit, which gave Plaintiff more than enough time to develop any additional claims he had. The Court notes that Defendants made their required disclosures on or before June 21, 2011 (*see* docket entry #37), including nearly 190 pages of business records, grievance reports, classification records and medical records spanning the period of his lawsuit up to May 2011. Any new claims represented in Plaintiff's proposed amended complaint should have been presented at that time with either a concurrence by Defendants for filing or an argument to this Court why the amendment should have been allowed. Although Defendants also made a supplemental disclosure on September 27, 2011, that disclosure involved only four pages of material covering the span of a day in May 2010 and cannot have included sufficient material to have justified the scope of amendments Plaintiff seeks to file now. Defendants assert that they have in good faith prepared their summary judgment motion for timely filing in accordance with the Court's Scheduling Order, based on the allegations of Plaintiff's original complaint. Opposition at 4. Allowing the amendment Plaintiff proposes now would unduly prejudice Defendants and jeopardize their good faith, timely summary judgment presentation. *Rosensweig*, 332 F.3d at 864; *Little*, 952 F.2d at 846.

Finally, as Defendants point out, the amendments Plaintiff seeks would be futile if allowed. The Court has already dismissed former Defendants Cockrell, McMullin, Self, White and "FNU Lieutenant" (apparently named in the proposed amended complaint as "Lieutenant John Doe"). Despite Plaintiff's attempts to repackage his allegations, they still amount to essentially the same claims against these individuals as he previously brought. The reasons for the Court's dismissal of

them still pertain, *see* Order of April 15, 2011, and would even if the amended complaint were allowed. Therefore, allowing the amendment that Plaintiff seeks would be futile with regard to these claims and individuals.

As to the remainder of Plaintiff's proposed amendments, Defendants have offered Exhibit A to their Opposition, consisting of Plaintiff's grievance records for the timeframes involved. Exhibit A demonstrates that Plaintiff did not file both a Step 1 and Step 2 grievance concerning his retaliation claim, nor did he state any allegations pertaining to any of the putative Defendants named in proposed Courts IV and V. Therefore, Defendants assert, Plaintiff should not be allowed to make these amendments because they would be futile due to his failure to exhaust his grievances administratively. The law governing the exhaustion of administrative remedies is 42 U.S.C. § 1997e. In 1996, Congress enacted the Prison Litigation Reform Act, which mandated that no action shall be brought by a prisoner "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Supreme Court accordingly unanimously concluded that inmates must exhaust their administrative remedies before proceeding to federal court. *Booth v. Churner*, 532 U.S. 731, 741, 121 S. Ct. 1819, 149 L. Ed. 2d 958 (2001). The Supreme Court subsequently held that exhaustion is mandatory and is required for all actions brought by prisoners. *Porter v. Nussle*, 534 U.S. 516, 524, 122 S. Ct. 983, 152 L. Ed. 2d 12 (2002). Later, the Supreme Court reiterated that exhaustion is mandatory and will not be excused when an inmate fails to timely exhaust his administrative remedies. *Woodford v. Ngo*, 548 U.S. 81, 84, 126 S. Ct. 2378, 165 L. Ed. 2d 368 (2006). Exhaustion also requires that a prisoner satisfy the requirement of "proper exhaustion." *Id*. at 83. Most recently, the Supreme Court stated in *Jones v. Bock*, 549 U.S. 199, 211, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007), that "[t]here is no question that exhaustion is mandatory under the PLRA

and that unexhausted claims cannot be brought in court." However, "failure to exhaust is an affirmative defense under the PLRA, and [ ] inmates are not required to specifically plead or demonstrate exhaustion in their complaints." *Id.* at 216. Subsequently, the Fifth Circuit added that after *Jones v. Bock*, a complaint is still subject to dismissal for failure to state a claim where the prisoner's failure to exhaust appeared on the face of the complaint. *Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007); *Torns v. Mississippi Dept. of Corrections*, 301 Fed. Appx. 386, 388-89 (5th Cir. 2008) (per curiam). Here, Defendants affirmatively argue lack of exhaustion and support their argument with Exhibit A. There is no dispute that the TDCJ grievance process requires two steps to exhaust and it appears from Exhibit A that Plaintiff has not done so, or has not initiated the process with regard to some of the proposed Defendants. For this additional reason, Plaintiff's proposed amended complaint would be futile and the Court will not grant leave for its filing. *Rosensweig*, 332 F.3d at 864; *Little*, 952 F.2d at 846.

It is therefore

**ORDERED** that Plaintiff's Motion to Amend Complaint (docket entry #53) is **DENIED**. It is further

**ORDERED** that Plaintiff's proposed amended complaint at docket entry #54 is **STRICKEN**.

So **ORDERED** and **SIGNED** this **10** day of **November, 2011.**

_____
JUDITH K. GUTHRIE
UNITED STATES MAGISTRATE JUDGE